**No. 2017-2423**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

**QUEST INTEGRITY USA, LLC,**
*Plaintiff-Appellant,*

**v.**

**COKEBUSTERS USA INC.,**
*Defendant-Appellee.*

Appeal from the United States District Court for the District of Delaware
in Case No. 1:14-cv-01483-SLR, Judge Sue L. Robinson

# QUEST INTEGRITY USA, LLC'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S FEBRUARY 21, 2019 ORDER

Michael A. Morin
Gabriel K. Bell
Robert J. Gajarsa
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Plaintiff-Appellant*
*Quest Integrity USA, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. THE PRINTED MATTER DOCTRINE DOES NOT APPLY ........ 1

A. No Claim Elements Are Directed To The "Content Of Information" ........ 2

B. All Claim Elements Are Functionally Inseparable From The Underlying Inventive Systems And Methods ........ 5

II. THE COURT SHOULD NOT ADDRESS THE PRINTED MATTER DOCTRINE *SUA SPONTE* ........ 6

A. The Issue Was Never Raised Before ........ 6

B. This Court Lacks Jurisdiction To Address The Issue ........ 6

C. Summary Judgment On The Issue Would Be Premature And Improper As A Matter Of Law ........ 7

D. Regardless, The Court Should Not Address The Issue ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AstraZeneca LP v. Apotex, Inc.*,
633 F.3d 1042 (Fed. Cir. 2010) ....................5

*Automated Merchanding Systems, Inc. v. Lee*,
782 F.3d 1376 (Fed. Cir. 2015) ....................9, 10

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018) ....................7, 9

*In re Bernhart*,
417 F.2d 1395 (C.C.P.A. 1969) ....................1, 3

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
880 F.3d 1356 (Fed. Cir. 2018) ....................4

*Data Engine Technologies LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018) ....................4

*In re DiStefano*,
808 F.3d 845 (Fed. Cir. 2015) ....................1, 2, 3, 4

*Forshey v. Principi*,
284 F.3d 1335 (Fed. Cir. 2002) ....................9, 10

*In re Gulack*,
703 F.2d 1381 (Fed. Cir. 1983) ....................5

*Hormel v. Helvering*,
312 U.S. 552 (1941) ....................8, 10

*In re Huai-Hung Kao*,
639 F.3d 1057 (Fed. Cir. 2011) ....................5

*iLOR, LLC v. Google, Inc.*,
550 F.3d 1067 (Fed. Cir. 2008) ....................7

*King Pharmaceuticals, Inc. v. Eon Labs, Inc.*,
616 F.3d 1267 (Fed. Cir. 2010) ....................1, 5

**Page(s)**

*L.E.A. Dynatech, Inc. v. Allina*,
49 F.3d 1527 (Fed. Cir. 1995) ....................9

*In re Lowry*,
32 F.3d 1579 (Fed. Cir. 1994) ....................3, 7

*In re Marco Guldenaar Holding B.V.*,
911 F.3d 1157 (Fed. Cir. 2018) ....................5, 7

*In re Miller*,
418 F.2d 1392 (C.C.P.A. 1969) ....................5

*Minnesota Mining & Manufacturing Co. v. Chemque, Inc.*,
303 F.3d 1294 (Fed. Cir. 2002) ....................7

*In re Ngai*,
367 F.3d 1336 (Fed. Cir. 2004) ....................5

*Praxair Distribution, Inc. v. Mallinckrodt Hospital Products IP Ltd.*,
890 F.3d 1024 (Fed. Cir. 2018) ....................1, 4, 5, 7

*Sage Products, Inc. v. Devon Industries, Inc.*,
126 F.3d 1420 (Fed. Cir. 1997) ....................9

*Singleton v. Wulff*,
428 U.S. 106 (1976)....................10

*Vehicle IP, LLC v. Werner Enterprises, Inc.*,
C.A. No. 10-cv-503-SLR, 2013 WL 4786119 (D. Del. Sept. 9, 2013) ....................9

*Woodrow Woods & Marine Exhaust Systems, Inc. v. DeAngelo Marine Exhaust, Inc.*,
692 F.3d 1272 (Fed. Cir. 2012) ....................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(f)....................8

## INTRODUCTION

The printed matter doctrine does not apply to any limitation in the ’874 patent claims. The doctrine “prevent[s] the indefinite patenting of known products by the simple inclusion of novel, yet functionally unrelated limitations” directed to providing the “content of information.” *See King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1279 (Fed. Cir. 2010); *Praxair Distribution, Inc. v. Mallinckrodt Hosp. Prods. IP Ltd.*, 890 F.3d 1024, 1032 (Fed. Cir. 2018). But there are no such limitations here. The claims recite improved computer systems and methods for transforming electronic furnace tube inspection and sensor data into new forms and data structures to allow tube defects to be more easily located. This appeal addresses whether the executable code used to produce the “Norco Reports” practiced those claims. Under this Court’s binding precedent, the printed matter doctrine is irrelevant to computer claims like these. *See, e.g.*, *In re DiStefano*, 808 F.3d 845, 847-48 (Fed. Cir. 2015); *In re Bernhart*, 417 F.2d 1395, 1399 (C.C.P.A. 1969).

Moreover, this issue was nowhere raised or addressed below. There is no jurisdiction to address it in the first instance, as it was not one of the bases for the Rule 54(b) judgment under review. And, in any event, the Court could not address it without abandoning basic procedural regularity and fairness.

## ARGUMENT

### I. THE PRINTED MATTER DOCTRINE DOES NOT APPLY

The printed matter doctrine applies to a claim element only if (1) “the

limitation in question is in fact directed toward printed matter" (*i.e.*, it "claims the content of information") and (2) the claimed "content of information" is not "functionally or structurally related to the physical substrate holding the printed matter." *DiStefano*, 808 F.3d at 848. Neither step is satisfied here.

### A. No Claim Elements Are Directed To The "Content Of Information"

No element of the claimed inventions is directed to the "content of information." *Id.* The claimed inventions are instead directed to *executable computer code and computerized methods* that provide improved computer technology for locating damaged furnace tube segments. The claims require analyzing inspection and/or sensor data from furnace tubes; transforming it in specific ways to create new electronic content, forms, and/or structures (including "composite data markers"); and outputting it after further innovative transformations so a user can more easily interpret the original data. *See, e.g.*, Appx92 (cl. 24). In particular, the "Display Limitation" requires transforming data to a specific novel format that is readily understandable by a user—"arranged to represent [the] physical geometry of a plurality of [stacked] tube segments and enable visual detection of problem areas comprising one or more of said tube segments." *Id.* As long as the displayed data has been appropriately transformed by the computer to the required format, the "content of the information" displayed for a particular furnace is irrelevant—it is *not* what is claimed. *DiStefano*, 808 F.3d at 848.

Accordingly, the claimed computerized process and executable code is not printed matter. *Id.*

This Court has held that similar computer systems and methods are not directed to printed matter. For example, in *Bernhart*, the CCPA (including Judge Rich) unanimously held the printed matter doctrine inapplicable to computerized systems and methods for drawing a "two-dimensional portrayal" of an object based on user-inputted information. 417 F.2d at 1396, 1399. The Court held that the "printed matter" doctrine has "no factual relevance" to such claims because they "require[] that the information be processed not by the mind but by a machine, the computer, and that the drawing be done not by a draftsman but by a plotting machine." *Id*. at 1399. In *In re Lowry*, this Court found that claims for computer data structures were not printed matter because "[t]he printed matter cases have no factual relevance where 'the invention as defined by the claims requires that the information be processed not by the mind but by a machine, the computer.'" 32 F.3d 1579 (Fed. Cir. 1994) (quoting *Bernhart*, 417 F.2d at 1399). And, in *DiStefano*, this Court found that claims for selecting and displaying website resources, digital art, images, and scripts were not directed to printed matter because such information was not "claimed for what it communicates." 808 F.3d at 847, 850. The Court explained that, "[a]lthough the selected web assets can and likely do communicate some

information, the content of the information is not claimed." *Id.* at 851.[1]

That binding precedent compels the same conclusion here. Just as in *Bernhart*, *Lowry*, and *DiStefano*, the '874 patent claims include no "printed matter" because they are instead directed to data processed, analyzed, transformed, and displayed by computer executable instructions. As in those cases, although the claims "communicate some information, the *content* of the information is not claimed." *DiStefano*, 808 F.3d at 851 (emphasis added). Indeed, the informational content here changes with each new furnace inspection. Applying the printed matter doctrine to computer claims like these because they display transformed data would cause uncertainty for thousands of software patents and upend decades of precedent.[2]

Indeed, the claim limitations here are nothing like those this Court has found contain printed matter. They do not recite: (1) mental steps (*Praxair*, 890 F.3d at 1033-34); (2) instructions for using an invention or providing information on an

---

[1] The PTO has also found that, in the computer context, the doctrine generally does not apply unless printed matter is simply conveyed by a computer without alteration or stored on the computer without transformation. *See* MPEP § 2111.05.III.

[2] This Court has also repeatedly found that claims to improved computer interfaces for displaying information are patent eligible under § 101. *See, e.g.*, *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1363 (Fed. Cir. 2018) ("improved user interface" that "allows the user to see the most relevant data or functions"); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1004 (Fed. Cir. 2018) ("improved interface" that "allows for 'rapidly accessing and processing information on the different pages, including … displaying a plurality of page identifiers'" (quoting patent)). Applying the printed matter doctrine here would undermine that precedent.

inherent property thereof (*e.g.*, *In re Huai-Hung Kao*, 639 F.3d 1057, 1072-74 (Fed. Cir. 2011); *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1064 (Fed. Cir. 2010); *King Pharm.*, 616 F.3d at 1279; *In re Ngai*, 367 F.3d 1336, 1339 (Fed. Cir. 2004)); or (3) information about a game (*e.g.*, *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1161 (Fed. Cir. 2018)). There is no "printed matter" here.

### B. All Claim Elements Are Functionally Inseparable From The Underlying Inventive Systems And Methods

Regardless, all the elements of the '874 patent claims are "functionally related" to the underlying computer code here. *Praxair*, 890 F.3d at 1031. For example, in *In re Gulack*, 703 F.2d 1381, 1385 (Fed. Cir. 1983), and in *In re Miller*, 418 F.2d 1392, 1396 (C.C.P.A. 1969), printed matter was "functionally related" to the underlying devices in those cases (numbers on the circular band in *Gulack* and markings on the measuring cup in *Miller*) because it affected the functioning of those devices and made them useful. The same is true here. The computerized transformation and novel way of displaying the information *is* the function of the device and makes it useful—it allows a user to more easily determine problem areas in a stacked furnace in a way that the underlying raw data (and prior art systems) could not. Without the associated data (and data markers and composite data markers) the computer executable code, methods, and systems would not function. *Cf. Ngai*, 367 F.3d at 1339 (no functional relationship where "information" does not "depend[]" on computerized system). The printed matter doctrine is inapplicable.

## II. THE COURT SHOULD NOT ADDRESS THE PRINTED MATTER DOCTRINE *SUA SPONTE*

### A. The Issue Was Never Raised Before

The printed matter doctrine was not asserted by any party or addressed by the district court. For example, Cokebusters never mentioned the doctrine in its answer, invalidity contentions, or summary judgment papers. It moved for summary judgment only under the on-sale bar (successfully) and § 101 (unsuccessfully). And Cokebusters did not raise the printed matter doctrine or § 101 in a cross-appeal—or even attempt to (improperly) assert those as alternative grounds for affirmance.

### B. This Court Lacks Jurisdiction To Address The Issue

This Court lacks jurisdiction to consider the printed matter doctrine.

First, the judgment certified for appeal does not address the printed matter doctrine. The district court granted summary judgment that the asserted patent claims were anticipated by the purported "public use" of the patented computer invention under § 102(b) (pre-AIA). That ruling, however, did not dispose of the entire case—other claims and issues remained "stayed and bifurcated." Appx70-71. The district court, therefore, entered partial final judgment under Rule 54(b), authorizing an appeal of its "summary judgment determinations" "as set forth in the Court's Memorandum Opinion" and associated orders. *Id*. That is the sole basis for this Court's jurisdiction. This Court cannot substitute its own judgment for the grounds upon which a district court certified this appeal under Rule 54(b). *See, e.g.*,

*iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072-73 (Fed. Cir. 2008) (jurisdiction lacking over issues not certified per Rule 54(b)). Thus, as the doctrine was never raised below—let alone addressed as one of the district court's "determinations" on summary judgment—this Court lacks jurisdiction to address it.

Second, this Court also lacks jurisdiction because Cokebusters failed to file a cross-appeal. In *Minnesota Mining & Manufacturing Co. ("3M") v. Chemque, Inc.*, 303 F.3d 1294, 1305-09 (Fed. Cir. 2002), this Court held that a cross-appeal is necessary to provide jurisdiction to affirm an invalidity judgment on different grounds where the judgment under review states a specific ground for invalidity. Here, the district court's judgment included such specificity, finding the claims invalid under "35 U.S.C. § 102(b) … as set forth in the Court's Memorandum Opinion." Appx70. Thus, the printed matter doctrine (which is rooted in § 101, *see, e.g.*, *Marco*, 911 F.3d at 1161, and was not "set forth" in the Memorandum Opinion) is beyond this Court's "jurisdiction to consider." *3M*, 303 F.3d at 1309.

### C. Summary Judgment On The Issue Would Be Premature And Improper As A Matter Of Law

To invoke the printed matter doctrine, Cokebusters had the burden to "establish[] the absence of a novel, nonobvious functional relationship" by clear and convincing evidence. *See Lowry*, 32 F.3d at 1584; *Praxair*, 890 F.3d at 1032 (printed matter inquiry falls "under 35 U.S.C. § 101"); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("[a]ny fact," including those required for § 101

determinations, "must be proven by clear and convincing evidence"). And the functional relationship of any information presented to a user and the underlying executable computer program turns on the analysis of, for example, complex and lengthy source code, *see, e.g.*, Appx17016-17030, and the executable program itself. Here, Cokebusters proffered no evidence on that issue, as it was not raised below. Taking all inferences in Quest's favor, as required on summary judgment, the issue cannot be decided against Quest as a matter of law.

Moreover, under Rule 56(f), Quest must be given "a reasonable time to respond"—including discovery, expert reports, and cross-examination. *See* Fed. R. Civ. P. 56(f). And, as a matter of basic due process, Quest must be afforded the opportunity to see and respond to Cokebusters's arguments and evidence before Quest's patent rights are extinguished. *See Hormel v. Helvering*, 312 U.S. 552, 556 (1941) ("essential" that litigants "not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence"). Here, Quest had no such notice or opportunity.[3] Resolving this disputed fact issue against

---

[3] As noted, Cokebusters never mentioned the printed matter doctrine before the district court in its pleadings, infringement contentions, or summary judgment papers, all of which are critical to orderly litigation procedure. *See, e.g.*, *Woodrow Woods & Marine Exhaust Sys., Inc. v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) ("[C]ontention interrogatories serve an important purpose in enabling a party to discover facts related to its opponent's contentions" and give "an opportunity to meaningfully challenge" the arguments). Deciding that

Quest on summary judgment—on appeal, no less—would be legal error. *See Berkheimer*, 881 F.3d at 1368-70.

**D. Regardless, The Court Should Not Address The Issue**

This Court does not address issues not raised or decided below. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("This is an appellate court. … [T]his court does not 'review' that which was not presented to the district court."). Sitting *en banc*, this Court recognized four limited "exceptions" to the general rule that parties' new arguments on appeal should not be considered. *Forshey v. Principi*, 284 F.3d 1335, 1355-58 (Fed. Cir. 2002) (*en banc*), *superseded on other grounds by statute*. But none apply here—there is no new controlling statute, there has been no change in relevant precedent, the district court did not apply the wrong law to decide the issue below, and Cokebusters did not proceed *pro se*. *See id.* Nor do any other rare exceptions apply. For example, Cokebusters had every "opportunity to raise the [issue] at the district court level" (but chose not to), and there would be no "miscarriage of justice" if this Court declines to consider it. *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995); *see also Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1379-80 (Fed. Cir. 2015).

---

Cokebusters could prevail on that ground would not only flout due process but also displace the district court's discretion and rules on untimely arguments. *See*, *e.g.*, *Vehicle IP, LLC v. Werner Enters., Inc.*, C.A. No. 10-cv-503-SLR, 2013 WL 4786119, at *2-3 (D. Del. Sept. 9, 2013) (precluding invalidity argument not in contentions).

Moreover, the issue is not "'a pure question of law'" that has "been fully briefed" on a complete record so that "'no purpose is served by remand'" and "'there will be no prejudice to any party.'" *Automated Merch. Sys.*, 782 F.3d at 1379-80. The doctrine is fact-based (as is anticipation), *see supra* at 7-8, the issue was not briefed, remand would be necessary to allow for full development of the record, and Quest would be severely prejudiced without adequate briefing, discovery, and even knowing which claim elements are at risk. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("[I]njustice [would be] more likely to be caused than avoided by deciding [a newly raised] issue without [the opposing party]'s having had an opportunity to be heard."). And considering the issue outside of the ordinary course effectively shifts the burden to Quest to prove validity, which is improper and prejudicial.[4]

There is no reason here to depart from the well-settled—and well-justified—general rule that this Court does not consider issues that were never previously raised or addressed.

## CONCLUSION

The printed matter doctrine does not and cannot bolster the district court's judgment. The judgment should be reversed or vacated and remanded.

---

[4] Notably, all of the cases cited in the Court's Order (at 2) concern a reviewing court's authority to address issues that the *parties* raised and briefed for the first time on appeal. *See Singleton*, 428 U.S. at 121; *Hormel*, 312 U.S. at 554-56; *Automated Merch. Sys.*, 782 F.3d at 1379-80; *Forshey*, 284 F.3d at 1355-58. Here, the parties neither raised the issue below *nor* before this Court.

February 27, 2019

Respectfully submitted,

*/s/ Michael A. Morin*
Michael A. Morin
Gabriel K. Bell
Robert J. Gajarsa
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Plaintiff-Appellant*
*Quest Integrity USA, LLC*

## CERTIFICATE OF INTEREST

Counsel for Appellant Quest Integrity USA, LLC certifies the following:

1. Full Name of Party represented by me:

   Quest Integrity USA, LLC

2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

   N/A

3. Parent corporations and publicly held companies that own 10 percent or more of stock in the party:

   Quest Integrity USA, LLC states that it is a wholly-owned subsidiary of Quest Integrity Group, LLC, which is a wholly-owned subsidiary of TQ Acquisition, Inc., which is 100% owned by Team, Inc. Team, Inc. is publicly traded on the New York Stock Exchange under the symbol "TISI."

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   **Morris, Nichols, Arsht & Tunnell LLP**: Thomas C. Grimm, Jeremy A. Tigan, Stephen J. Kraftschik

   **Foster Pepper PLLC**: Douglas A. Grady (no longer with the firm); John R. Nelson, Richard T. Black, Emily R. Kelly, Benjamin Hodges, Cristofer I. Leffler, Madeline D. Hepler

   **Baker Hostetler LLC**: Douglas A. Grady

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   *Quest Integrity USA, LLC v. A.Hak Industrial Services US, LLC*, Federal Circuit Case No. 2018-1002, is pending in this Court and has been designated

as a companion case.

Dated: February 27, 2019

Respectfully submitted,

*/s/ Michael A. Morin*

Michael A. Morin
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200

*Counsel for Plaintiff-Appellant*
*Quest Integrity USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, I caused a copy of the foregoing to be served by electronic means via the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ Michael A. Morin*
Michael A. Morin

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's February 21, 2019 Order, I hereby certify that the foregoing complies within the Order's page limit, excluding the parts exempted under the Rules.

*/s/ Michael A. Morin*
Michael A. Morin